**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | NO: 4:06CR00001-1   SWW |
| | * | |
| | * | NO: 4:09CV00197      SWW |
| DONNIETHA BRADFORD | * | |
| | * | |
| | * | |
| | * | |
| | * | |


**<u>ORDER</u>**

  Before the Court is Petitioner Donnietha Bradford's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (docket entry #125).  After careful consideration, the Court finds that the motion should be and hereby is denied.[1]

**I.**

  On January 3, 2006, Bradford was indicted for conspiracy to commit mail and wire fraud in violation of 19 U.S.C. § 371 and five counts of money laundering in violation of 18 U.S.C. § 1957.  Pursuant to a plea agreement, Bradford agreed to plead guilty to Count I of the indictment--conspiracy to commit mail and wire fraud.  In exchange, the United States dismissed

---

[1]Because the record conclusively shows that Bradford is not entitled to relief, the Court decides her motion without conducting an evidentiary hearing.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be dismissed without a hearing if the petitioner's  allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

the remaining five counts.  Included in the plea agreement is a stipulation that Bradford knew or should have known that the victim of her crime was vulnerable and that she would receive a two-level  sentencing enhancement under U.S.S.G. § 3A1.1(b)(1).

On May 8, 2007, Bradford entered a guilty plea to Count I, and on September 14, 2007, the Court imposed a sentence of 46 months' imprisonment to run consecutively to Bradford's state sentence.  Bradford appealed the reasonableness of her federal sentence, arguing that the Court failed to consider the victim's level of education and her educational achievements.  The Eighth Circuit affirmed, concluding that the Court gave proper consideration to the factors Bradford claimed the Court had ignored.

## II.

Now before the Court is Bradford's *pro se* motion pursuant to 28 U.S.C. § 2255. Bradford claims that her trial counsel rendered ineffective assistance by failing to oppose the enhancement of her sentence under U.S.S.G. § 3A1.1(b)(1).  To establish ineffective assistance of counsel, Bradford must prove (1) deficient performance--that hers counsel's representation fell below an objective standard of reasonableness;  and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different.  *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984).

Section 3A1.1(b)(1) provides for a  two-level increase in offense level when "the defendant knew or should have known that a victim of the offense was a vulnerable victim."  The application note for § 3A1.1 provides that "vulnerable victim" means a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental

2

condition, or who is otherwise particularly susceptible to the criminal conduct.  "Elderly victims

satisfy the requirements of § 3A1.1(b)(1), especially when their financial investments and

financial security are at issue." *United States v. Sims,* 329 F.3d 937, 944 (7th Cir. 2003)(citations

omitted).

By pleading guilty without reservation, Bradford admitted the facts alleged in the

indictment, and she was bound to those admissions at sentencing.  *See United States v. White*,

408 F.3d 399, 402 (8th Cir. 2005).  The indictment allegations are as follows.  While incarcerated

at the McPherson Unit of the Arkansas Department of Correction, serving a 40-year sentence as a

result of a 1997, first-degree murder conviction, Bradford posted personal advertisements in

various local, regional and national publications in an attempt to establish relationships with

males.

In her ads, Bradford misrepresented numerous things, including the reason for her

incarceration, her financial status, and the status of her criminal proceedings.  Once she

established a relationship with a male via  personal ad, Bradford used the United States mail and

interstate telephone communications to obtain money from said male through false and

fraudulent pretenses.

In Fall 2000, Bradford established a "pen pal" romance with an elderly male who lived in

Florida, hereinafter "the victim."  Bradford led the victim to believe that she loved him, she

would soon be released from prison, and she would move to Florida to live with and care for

him.  In the course of two years, through false and fraudulent pretenses made in telephone

conversations and written correspondence, Bradford caused the victim to send $509,755 to her

and to her friends, family members, and associates.  As a result, the victim depleted all of his

3

retirement savings, was forced to file bankruptcy, and became dependent on his children for support.

In addition to the indictment allegations, facts set forth in a presentence investigation report ("PSR") prepared prior to Bradford's sentencing were admitted for sentencing purposes. *See United States v. Johnson*, 408 F.3d 535, 539 (8th Cir. 2005)(citing *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999)(unless defendant objects to a specific factual allegation contained in the PSR, the sentencing court may accept that fact as true).

According to the PSR, Bradford's victim was a seventy-two year old male, in poor physical condition who resided alone in Sarasota, Florida, with no family in the region.  The PSR states that in several of Bradford's letters to the victim, she declared her love for him and stated her intention to take care of him when she was released from prison.  According to the PSR, Bradford misrepresented to the victim that she needed money to resolve legal issues, and she would reimburse him with money she would receive from a lawsuit settlement.  In several letters the defendant professed her love and referred to herself as the victim's wife.

Bradford argues that she placed ads at random without targeting specific victims, and the Court misapplied the  vulnerable victim enhancement based on broad and unsupported generalizations about the victim being emotionally vulnerable and widowed.  Bradford further asserts that the Court heard no evidence regarding targets or victims, or evidence that she targeted emotional or widowed men in particular.

The enhancement for vulnerable victims under U.S.S.G. § 3A1.1(b)(1) applies regardless of whether the defendant targeted the victim because of his vulnerability; it is enough that the defendant knew or should have known of the victim's vulnerability. The facts properly

considered by the Court at sentencing were more than sufficient to support a two-level enhancement under U.S.S.G. § 3A1.1(b)(1), and any argument to the contrary by defense counsel would have been futile.  The Court finds that Bradford is unable to show that she suffered prejudice as a result of counsel's failure to object to the two-level enhancement under U.S.S.G. § 3A1.1(b)(1).  Even accepting Bradford's allegations as true, she is not entitled to relief under § 2255.

## III.

For the reasons stated, Bradford's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (docket entry #125) is DENIED.

IT IS SO ORDERED THIS 24TH DAY OF MARCH, 2009.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE