**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.                                                          NO.  4:06CR00001-001   SWW

DONNIETHA BRADFORD
A/K/A DONNIE BRADFORD

## <u>ORDER</u>

Before the Court is Defendant Donnietha Bradford's *pro se*  motion to dismiss restitution
(docket entry #131) and the United States' response in opposition (docket entry #134).  After
careful consideration, the Court finds that the motion should be, and it is hereby, denied.

On January 3, 2006, Defendant was indicted for conspiracy to commit mail and wire
fraud in violation of 19 U.S.C. § 371 and five counts of money laundering in violation of 18
U.S.C. § 1957.  On May 8, 2007, Defendant pleaded guilty to conspiracy to commit mail and
wire fraud in violation of 18 U.S.C. § 371, and she stipulated in her plea agreement that
restitution in this case is mandatory under the Mandatory Victim Restitution Act ("MVRA").

On  September 14, 2007, the Court sentenced Defendant to serve  46 months in the
United States Bureau of Prisons, consecutive to an undischarged term of imprisonment she is
now serving in the Arkansas Department of Correction.  Additionally, the Court imposed
restitution in the amount of $509,755 payable to Defendant's victim, George E. Fenzel.

In December 2008, the Court received documentation that Fenzel died, leaving a will and
a revocable trust.  The MVRA provides:

For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. *In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section*, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C.A. § 3663(a)(2)(emphasis added).

Pursuant to 18 U.S.C. §§3663(a)(2) and 3663A(a)(2), by order entered December 17, 2008, the Court directed that the Clerk of Court change the name of the restitution payee to the George E. Fenzel Living Trust and ordered that the trust receive restitution payments due from Defendant.

In support of her motion to dismiss restitution, Defendant argues that before and during sentencing, she had no knowledge of any person having an interest in Fenzel's estate, and she did not agree to pay restitution to persons other than the victim.

The Court finds no authority supporting Defendant's position that her obligation to pay restitution abated upon the death of George E. Fenzel.  The MVRA clearly provides that the victim's estate or any person appointed suitable by the Court  may assume a deceased victim's right to restitution.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss restitution (docket entry #131) is DENIED.

IT IS SO ORDERED THIS 6TH  DAY OF AUGUST, 2009

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

2